Manly, J.
 

 The record does not state, with distinctness, the ground of appeal in this case, and wó are not quite sure that it is properly apprehended. It is set forth that, on the calling of the case, the complainant moved a continuance for cause shown, and pending this motion, the defendant moved to dissolve the injunction. The Court continued the cause, and the defendant appealed.
 

 If the matter of complaint be that a motion to dissolve an injunction must be heard at the first term when it is made, wre do not think it is sustained by any rule of law or of practice. Such questions, like all others, arising either upon the final hearing, or in earlier stages of cases, are subject to be continued by the Judge for any cause which he may consider, in the exercise of a sound, legal discretion, to be sufficient.
 

 If the complaint be that there should have been an affidavit filed, setting forth the cause for continuance, we think it equally untenable. The Eev. Code, chap. 31, sec.
 
 51.,
 
 pi. 13, applies exclusively to actions at law, as is manifest from the language of the clause and from the subject-matter of the whole chapter. ¥e are not, indeed, aware of any restriction upon the power of a Judge sitting as a court of equity, to continue a cause before him in any stage, or pending any mo
 
 *258
 
 tion in it, when be may deem it expedient for the porposes of justice. It is a power subject, only, to his sound discretion..
 

 We have not called to our aid the'statute of 1861,2nd extra session, chap. 10, sec. 4; for the reason, that it is not necessary to derive the power, exercised in this ease, from any other source than the general discretionary powers of a court of equity ; and for the additional reason, that it seems to be uncertain whether the law of 1861, was in force at the time of the making of the order of continuance in question.
 

 The appeal should be dismissed with costs against the appellant, and the same certified to the court of equity for Washington county, to the end, that the said Court may proceed in the cause.
 

 Pee, Curiam, Appeal dismissed.